IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Lloyd Kidd, | ) | C/A No. 6:25-cv-05001-TMC-KFM |
| | ) | |
| Plaintiff, | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden Graham, S. Verdugo, Lt. Jennings, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

The plaintiff, a federal prisoner, proceeding *pro se* and *in forma pauperis*, brings this action seeking money damages from the defendant (doc. 1). Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2), (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

The plaintiff's complaint was entered on the docket on June 6, 2025 (doc. 1). By order filed August 14, 2025, the plaintiff was informed that his complaint was subject to summary dismissal because it failed to state a claim upon which relief may be granted, and that he could attempt to cure the defects identified in his complaint by filing an amended complaint within 14 days (doc. 22). The plaintiff was informed that if he failed to file an amended complaint or otherwise cure the deficiencies outlined in the order, the undersigned would recommend that his case be dismissed (*id*. at 5–6). On August 25, 2025, the plaintiff's amended complaint was entered on the docket (doc. 24). With the plaintiff's amended complaint was a letter asking to have certain documents re-filed as part of the amended complaint (doc. 24-1). As the plaintiff has been warned previously, the court will not cull through various paperwork submitted by the plaintiff to find a claim or create one on his behalf (*see* doc. 22 at 2–3 (citation omitted)). However, the amended complaint

submitted by the plaintiff will be evaluated taking into consideration the previously filed attachments. Upon review, the plaintiff's amended complaint fails to state a claim upon which relief may be granted; thus, the undersigned recommends dismissal of the case.

## ALLEGATIONS

The plaintiff, a federal prisoner in the custody of the Bureau of Prisons ("BOP") currently incarcerated at FCI Williamsburg, filed this action seeking money damages from the defendants (doc. 24). The plaintiff alleges violations of his rights under the Equal Protection Act, the Seventh Amendment, and the Eighth Amendment (*id*. at 4). The plaintiff contends that he sues the warden in a supervisory capacity because he is in charge of the BOP officials at FCI Williamsburg (*id*.). The other defendants are sued for failing to help the plaintiff (*id*.). The plaintiff contends that the incidents giving rise to his claims occurred October 20, 2024, and March 28, 2025 (*id*. at 5). The plaintiff contends that Ms. Verdugo looked up his charges and based on his charges, she lied about him and sent him to the secured housing unit ("SHU") (*id*.). Ms. Verdugo also destroyed his property while he was in the SHU (*id*.). During his time in the SHU, the plaintiff also missed a family court hearing he was supposed to attend by telephone (*id*. at 6). The plaintiff also contends that Lt. Jennings threatened retaliation of sending the plaintiff to the SHU unless he dismissed a separate claim under the Federal Tort Claims Act ("FTCA") (*id*.).

The plaintiff's injuries include emotional and mental distress (*id*.). For relief, the plaintiff seeks money damages (*id*.).

## STANDARD OF REVIEW

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, the plaintiff is a prisoner under the definition of 28

2

U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

As noted above, the plaintiff filed the instant action seeking money damages from the defendants. As an initial matter, as noted above (and in a prior order), the Court will not cull through various attachments and exhibits submitted to the Court to find or create a claim on the plaintiff's behalf (doc. 22 at 2–3 (citing *Weller*, 901 F.2d at 391)). Further, upon review, the instant matter is subject to summary dismissal, even as amended.

In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for violations of federal constitutional rights. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1999). A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983; federal officials cannot be sued under § 1983, however, because they do not act under color of state law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825, 839 (1994); *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). To state a claim under

3

*Bivens*, a plaintiff must plausibly allege two elements: (1) the defendant deprived the plaintiff of a right secured by the Constitution and laws of the United States and (2) the defendant did so under color of federal law. *See Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted) (setting forth requirements for a § 1983 claim under color of state law); *see also Bivens*, 403 U.S. at 389 ("In [a previous case], we reserved the question whether violation of [the Constitution] by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct. Today we hold that it does.").

As noted, in *Bivens*, the Supreme Court recognized an implied private action for damages against FBI agents alleged to have violated a plaintiff's Fourth Amendment rights from unreasonable search and seizure when the agents handcuffed the plaintiff in his own home without a warrant. *Bivens*, 403 U.S. at 389. Since then, the Supreme Court has only recognized *Bivens* claims in two additional contexts: (1) under the Fifth Amendment's Due Process Clause for gender discrimination when a Congressman fired his female administrative assistant (*Davis v. Passman*, 442 U.S. 228 (1979)); and (2) under the Eighth Amendment's Cruel and Unusual Punishment Clause against prison officials for failing to provide emergency medical care for an inmate's asthma (*Carlson v. Green*, 446 U.S. 14 (1980)). However, as recognized by the United States Supreme Court in *Egbert v. Boule*, during the last 42 years, the court has "declined 11 times to imply a similar cause of action for other alleged constitutional violations." 596 U.S. 482, 486 (2022) (collecting cases). The Court in *Egbert* further noted that recognizing additional causes of action under *Bivens* is disfavored. *Id*. at 491–92 (internal citation omitted). As recognized recently by the Fourth Circuit in a published opinion, although the Supreme Court has not overruled any of the *Bivens* cases, the Supreme Court has demonstrated not only regret over the *Bivens* cases, but also demonstrated hostility to any expansion of them. *See Tate v. Harmon*, 54 F.4th 839, 843–44 (4th Cir. 2022); *see also Goldey v. Fields*, 606 U.S. 942, 944–45 (2025). Thus,

the Supreme Court has imposed a highly restrictive analysis for *Bivens* cases by "(1) narrowing the precedential scope of *Bivens*, *Davis*, and *Carlson* and (2) imposing a broad standard of criteria that, if satisfied, require courts to reject any expansion of *Bivens* remedies." *Id*. Under *Ziglar v. Abbasi*, the Supreme Court framed the inquiry as a two step process: (1) first asking whether the case presents a new *Bivens* context and (2) if the claim arises in a new context, doing a special factors analysis to determine whether to extend *Bivens* to said context. *Ziglar v. Abbasi*, 582 U.S. 120, 135–38 (2017) (citation omitted). In *Egbert*, the Supreme Court decided that "[w]hile our cases describe two steps, those steps often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 596 U.S. at 492.

Here, liberally construed, the plaintiff alleges three *Bivens* claims: retaliation (threatened with being sent to the SHU and being sent to the SHU), denial of access to the courts (missing a family court hearing), and property deprivation (missing/destroyed property after being in the SHU). However, these claims are new *Bivens* contexts. Because the plaintiff's claims are new *Bivens* contexts, the undersigned must consider whether "there is *any* reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 596 U.S. at 492 (emphasis added). Here, special factors counsel hesitation about extending *Bivens* to the plaintiff's claims. First, the plaintiff has other remedies available to him to address his claims. Further, as recognized in *Egbert*, in determining if a damages remedy is more suitable for Congress to create, "a court likely cannot predict the 'systemwide' consequences of recognizing a cause of action under *Bivens*" and that "uncertainty alone is a special factor that forecloses relief." *Egbert*, 596 U.S. at 493 (internal citations omitted). Moreover, extending *Bivens* to the claims identified above has been previously rejected. *Egbert*, 596 U.S. at 498–99 (rejecting extension of *Bivens* to retaliation claims); *Tate*, 54 F.4th at 845 (rejecting extension of *Bivens* to conditions of confinement claims); *Giordano v. United States*, C/A No. 6:22-cv-00796-JFA-KFM, 2022 WL 4540961,

5

at *6–7 (D.S.C. Aug. 12, 2022) (rejecting extension of *Bivens* to property deprivation claims), *report and recommendation adopted by* 2022 WL 4540409 (D.S.C. Sept. 28, 2022); *Curry v. Olberding*, C/A No. 1:21-cv-1300-HMH-SVH, 2022 WL 791925, at *5 (D.S.C. Feb. 3, 2022) (noting that denial of access to the courts claim is a new context to which *Bivens* should not be extended), *report and recommendation adopted by* 2022 WL 788874 (D.S.C. Mar. 15, 2022); *Bailey v. Rife*, C/A No. 1:21-cv-00424, 2021 WL 6496561, at *12–14 (S.D. W. Va. Nov. 19, 2021) (noting that access to the courts/law library claim and First Amendment claim were new *Bivens* contexts and special factors counseled against expanding *Bivens* to these contexts), *report and recommendation adopted by* 2022 WL 130746 (S.D. W. Va. Jan. 13, 2022). As such, under the highly restrictive analysis imposed by the Supreme Court regarding the extension of *Bivens* to new contexts, special factors counsel against extending *Bivens* to the claims in the plaintiff's amended complaint; thus, the instant matter should be dismissed.

Indeed, even presuming the above claims *could* be extended under *Bivens*, the plaintiff's claims fail because he has not alleged a constitutionally cognizable injury in asserting mental and emotional distress because there is no federal constitutional right to be free from emotional distress, mental anguish, or psychological stress. *See Williams v. Pruitt*, C/A No. 8:13-cv-01812-JMC, 2013 WL 4500436, at *2 n.2 (D.S.C. Aug. 19, 2013) (citing *Grandstaff v. City of Borger, Tex.*, 767 F.2d 161 (5th Cir. 1985), *cert denied*, 480 U.S. 916 (1987); *Rodriguez v. Comas*, 888 F.2d 899, 903 (1st Cir. 1989)). Further, the United States Supreme Court has explicitly recognized that deprivations of an inmate's personal property do not rise to the level of a constitutional violation so long as there are adequate post-deprivation remedies. *See Daniels v. Williams*, 474 U.S. 327 (1986); *Daniels v. Williams*, 474 U.S. 327 (1986); *Mora v. City of Gaithersburg*, 519 F.3d 216, 230–31 (4th Cir. 2008) (holding that deprivations of personal property by corrections officials are not constitutional violations so long as there are post-deprivation remedies). The BOP's

6

Administrative Remedies Program provides such procedures. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (noting that whether a government employee intentionally or negligently deprived an inmate of his or her property, the deprivation does not violate the due process clause as long as the inmate has adequate post-deprivation remedies). As such, even presuming that Bivens extended to the plaintiff's claims, the amended complaint would still be subject to summary dismissal.

## RECOMMENDATION

By order issued August 14, 2025, the undersigned gave the plaintiff an opportunity to correct the defects identified in his complaint and further warned the plaintiff that if he failed to file an amended complaint or failed to cure the identified deficiencies, the undersigned would recommend to the district court that the action be dismissed *with prejudice* and without leave for further amendment for failure to state a claim (doc. 22). Despite filing an amended complaint, the plaintiff has not cured the deficiencies identified in the order dated August 14, 2025. Therefore, the undersigned recommends that the district court dismiss this action *with prejudice*, without further leave to amend, and without issuance and service of process.[1] *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable").

**The attention of the parties is directed to the important notice on the following page**.

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>United States Magistrate Judge

September 19, 2025
Greenville, South Carolina

---

[1] The plaintiff is warned that if the United States District Judge assigned to this matter adopts this report and recommendation, the dismissal of this action for failure to state a claim could later be deemed a strike under the three-strikes rule. *See Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).